IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         No. CR 17-3142 RB

LUIS ARMANDO OROZCO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Orozco's Pro Se Motions for Immediate Release Due to Public Health Emergency. (Docs. 128; 131.) Having reviewed the motions, the record, and the applicable law, the Court finds the motions are not well-taken and should be **denied**.

**I.  Background**

On December 11, 2017, Mr. Orozco pled guilty to a Rule 11(c)(1)(C) plea agreement to an Information charging him with Conspiracy to Transport an Illegal Alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). (*See* Docs. 69; 72; 73.) The Court sentenced Mr. Orozco to 176 days followed by two years of supervised release. (Doc. 87.) Mr. Orozco has twice violated the conditions of his supervised release. (*See* Docs. 108; 114; 119; 126.) In December 2018 the Court sentenced him to four months imprisonment followed by a new two-year term of supervised release. (Doc. 114.) In February 2020 the Court sentenced him to ten months imprisonment. (Doc. 126.) He has served over half of this latest sentence, and his anticipated release date is October 20, 2020. (*See* Doc. 130 at 3.)

Mr. Orozco, who is housed at the Otero County Prison Facility (OCPF) (*see id.*), now moves the Court under 18 U.S.C. § 3582(c)(1)(A)(i) to grant him compassionate release due to the COVID-19 pandemic. (Docs. 128; 131.)

## II.   Discussion

Section 603(b) of the First Step Act provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). The Government explains that Mr. Orozco "has not yet been transferred to the custody of the BOP," thus he "has no ability to seek compassionate release from [the] BOP . . . ." (Doc. 130 at 3–4.) As a result, "the Government considers that he has exhausted all administrative remedies" and "has no objection to this Court ruling on [his] motion" on the merits. (*Id.* at 4.)

Mr. Orozco seeks compassionate release pursuant to § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). The Court will analyze his motion under §§ (A) and (D).

Under § (A), a defendant's medical condition provides an extraordinary and compelling

reason for a sentence reduction where he has (i) a terminal illness, or (ii) "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of the correctional facility and from which he or she is not expected to recover." *Id.* § (A). Mr. Orozco asserts, and the Government agrees (*see* Doc. 130 at 7–8), that he has tested positive for COVID-19 while at OCPF. A positive test by itself does not, however, qualify as a medical condition that provides an extraordinary and compelling reason for a sentence reduction. Mr. Orozco does not allege that he is suffering from a severe illness due to COVID-19 or that he is unable to provide self-care and is not expected to recover. Thus, he does not meet the criteria to qualify for a reduction under § (A).

The Government acknowledges that the fact of the pandemic may merit a finding of extraordinary and compelling circumstances where "an inmate has a chronic medical condition" that puts him at a higher risk of contracting a severe illness due to COVID-19. (*Id.* at 7.) Yet Mr. Orozco does not assert that he is suffering from any underlying health condition. (*See* Docs. 128; 131.) The Court also notes that Mr. Orozco reported he was in "good health" at the time of his PSR. (Doc. 80 ¶ 69.) Consequently, the Court finds Mr. Orozco has not stated circumstances sufficient to warrant a sentence reduction under § (D).

Even if the Court were to find that Mr. Orozco has established an extraordinary and compelling reason for compassionate release, its analysis would not end there. In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). As the § 3142 factors overlap to an extent with those in § 3553, the Court will consider them together.

The Government argues that the Court should deny the motion upon consideration of the § 3553(a) factors. (Doc. 130 at 9–10.) The Court agrees. Mr. Orozco has violated the terms of his supervised release twice, showing the Court that he is unable to abide by the terms imposed. Thus, lowering the ten-month sentence for the most recent violation would not afford adequate deterrence to his repeated criminal conduct.

**THEREFORE,**

**IT IS ORDERED** that the Pro Se Motions for Immediate Release Due to Public Health Emergency (Docs. 128; 131) are **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE